Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4451 | DATE | 1/31/2001 |
| CASE TITLE | Buttron, et al vs. Sheahan, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Sheahan's Partial Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the attached reasons, this Court **DENIES** Defendant Sheahan's partial motion to dismiss (doc. #10).

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 2 2001 date docketed | |
| | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2-1-01 date mailed notice | |
| | courtroom deputy's initials | 01 FEB -1 PM 6: 20 | | |
| | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BUTTRON, et al.
    Plaintiffs,

v.

SHEAHAN, et al.
    Defendants.

CASE NO. 00CV4451

JUDGE WILLIAM J. HIBBLER



## MEMORANDUM AND ORDER

This Court has before it Defendant Sheahan's motion to dismiss Counts VIII, XVI and XX of Plaintiffs' amended complaint (doc. # 10), pursuant to Fed. R. Civ. P. 12(b)(6). The issues have been fully briefed and thus are now ripe for adjudication. For the following reasons, this Court **DENIES** the motion.

## BACKGROUND

Plaintiffs Bonnie Buttron and Laverne Williams, sergeants in the sanitation division of the Cook County Sheriff's Department, and Loretta McClure, an officer in the same agency, ("Plaintiffs") allege they have been subjected to different and worse treatment and harassment in their workplace due to their gender. Plaintiffs bring this action against Cook County Sheriff Michael Sheahan, Lieutenant James Kelly and Cook County Department of Corrections Assistant Executive Directors Marcus Lyles and John Maul ("Defendants"). Plaintiff alleges unlawful employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983

1



and state law claims for indemnification under the Illinois Tort Immunity Act[1] to pay any resulting judgment should the individual defendants be found liable.

## MOTION TO DISMISS STANDARD

Motions to dismiss under Rule 12(b)(6) should test the sufficiency of the complaint rather than address the merits of the case. This Court must construe all allegations in the complaint in a light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Bontkowski v. First Nat. Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). Because Plaintiff's allegations are taken as true, Defendants must meet a high standard in order to have the complaint dismissed for failure to state a claim upon which relief may be granted. The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hartford Fire Insurance Co. v. California*, 509 U.S. 764 (1993); *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1219 (7th Cir.1994). This Court must construe the present pleadings liberally in compliance with the notice pleading provision of the federal rules. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). However, this Court need not stretch the allegations beyond their sensible and reasonable implications. *Chan v. City of Chicago*, 777 F.Supp. 1437, 1440 (N.D.Ill.1991).

---

[1] "§ 9-102: A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of his employment is liable in the manner provided in this article." 745 ILCS 10/9-102 (2000).

2

## ANALYSIS

### Plaintiff's counts for indemnification are properly directed to Defendants

In other cases in this district, Defendant Sheahan and other county sheriffs have argued repeatedly and unsuccessfully that the Sheriff is not a local public entity as defined in and covered by the Illinois Tort Immunity Act. *Cortez v. Defendant Deputy Sheriffs*, 1999 WL 569542 (N.D.Ill. July 28, 1999); *Anton v. Sheriff of DuPage County*, 47 F.Supp.2d 993 (N.D.Ill 1999); *Green v. Sheahan*, 1998 WL 901681, at *4 fn. 9 (N.D.Ill. Dec. 19, 1998); *Tatum v. Davis*, 1996 WL 388405 (N.D.Ill. July 9, 1996) (citing Illinois cases). While Section 1-206 of the Act defining "local public entity" does not mention sheriffs, "every court that has faced the ... issue ... has held that county sheriffs are covered by the Tort Immunity Act." *Anton*, 47 F.Supp.2d at 1003, n. 4.

In the present case, Defendant Sheahan now argues plaintiffs may not bring a claim against the Sheriff under the Illinois Tort Immunity Act because a separate statute states that Cook County, and not the Sheriff's Department, has the duty to indemnify when the Sheriff or his employees incur liability. 55 ILCS 5/5-1002.[2]

In this case, the Sheriff is the appropriate entity to sue. Plaintiffs cite to the Illinois Tort Immunity Act for their indemnification authority and the three disputed counts in Plaintiff's amended complaint each contain the same boilerplate language. The counts allege the conduct of

---

[2] "Indemnity of sheriff or deputy. If any injury to the person or property of another is caused by a sheriff or any deputy sheriff, while the sheriff or deputy is engaged in the performance of his or her duties as such, and without the contributory negligence of the injured person or the owner of the injured property, or the agent or servant of the injured person or owner, the county shall indemnify the sheriff or deputy, as the case may be, for any judgment recovered against him or her as the result of that injury, except where the injury results from the wilful misconduct of the sheriff or deputy, as the case may be, to the extent of not to exceed $500,000, including costs of action."

3

Defendants Kelly, Lyles and Maul "was done in a willful and wanton manner" (Doc. #6, ¶ 77-79, 137-139, 178) and the harmful acts "were willfully committed" by Defendants (¶ 81, 141, 180). As such, Plaintiffs cannot bring their complaint under the indemnification section of the Counties Code, since Section 5-1002 prohibits indemnification "where the injury results from the *wilful* misconduct of the sheriff or deputy." 55 ILCS 5/1002 (emphasis added). However, under Section 9-102 of the Illinois Tort Immunity Act, the Sheriff is required to pay any tort compensatory damages judgment for which he or an employee acting within the scope of his employment is liable so long as the conduct was wilful and wanton. *Anton*, 47 F.Supp.2d at 1003. Here, if Defendants were acting within the scope of their employment at all times relevant to this case, then the Sheriff's liability depends on whether their conduct was wilful and wanton. *Id.*,(citing 745 ILCS 10/1-207, 10/1-210). The Illinois Tort Immunity Act defines "wilful and wanton" as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard of others or their property." 745 ILCS 10/1-210. In the present context of a motion to dismiss, Plaintiffs have fulfilled their requirement under notice pleading, so at this time the Court need not inquire if Defendants were acting within the scope of their employment at all times relevant to this case.

Defendant Sheahan also argues that the Sheriff lacks the inherent authority to tax and therefore cannot be held liable for indemnification under Section 9-102. Defendant relies upon a single Illinois Supreme Court case for the authority for his theory, and that case is distinguishable on its facts from the present case. *In Re Consolidated Objections to Tax Levies*, 739 N.E.2d 518 (Ill. 2000). There, tax objectors challenged the validity of real estate tax levies

4

which had been imposed by the school district to fund court-ordered measures for equitable injunctive relief in federal court litigation seeking desegregation of schools. The relief mandated expensive, widespread, systemic injunctive relief for an entire school system. In the present case, Plaintiffs' request no such departmental relief; they have not filed as representatives of a larger class, but as individuals looking for individual relief.

In *In Re Consolidated Objections to Tax Levies*, the Illinois Supreme Court interpreted the term "compensatory damages" in Section 9-102 as excluding the cost of complying with injunctive remedies. The Court invoked the "plain language" rule of statutory interpretation, referred to a legal dictionary, compared the meaning of "damages" to that of an "injunction," and then stated that Section 9-102 "does not apply to the payment of costs of complying with injunctive relief." *Id.* at 512-154.

As a court of both law equity, this Court does not see this rigid distinction between legal damages and equitable relief in the present case. A court of equity, which has obtained jurisdiction of a cause on any ground, or for any purpose, will retain jurisdiction to administer complete relief and do full justice in the case. The court will act to achieve this justice whether the rights and remedies involved are "legal" or "equitable." *McLeod v. Lambdin*, 520 N.E.2d 869 (1961). Thus, to ensure complete relief, a court of equity may award damages as an adjunct to its equity jurisdiction. *See, e.g., Garden City Sand Co. v. Southern Fire Brick & Clay Co.*, 103 N.E. 207 (1913); *see generally* 27A Am.Jur.2d *Equity* §§ 103 through 105, 252 (1996); 42 Am.Jur.2d *Injunctions* §§ 271, 272 (2000); 30A C.J.S. *Equity* §§ 72 through 77 (1992); 21A Ill. L. & Prac. *Injunctions* § 243 (1977). In other words, a court of equity can issue an "injunction,"

i.e., the court can order the performance of an act; one such act can be the payment of a personal judgment or the recovery of damages. *See* 27A Am.Jur.2d *Equity* § 105, at 591 (1996). Further, a federal injunction may have a significant ancillary effect on the state treasury. *Papasan v. Allain*, 478 U.S. 265, 278, 106 S.Ct. 2932, 2940, 92 L.Ed.2d 209, 227 (1986). Federal courts have ordered local officials to stop violating federal law by refraining from doing particular activities, e.g., violating civil rights, "even if it would cost the state some money." *Robbins Resource Recovery Partners, L.P. v. Edgar*, 947 F.Supp. 1205, 1210 (N.D.Ill.1996).

In the present case in the context of gender-based discrimination and harassment remedies, this Court finds that the nature of the remedies sought by Plaintiffs are of the type contemplated by the term "damages" in the Illinois Tort Immunity Act.

### Plaintiff's counts for indemnification are timely

Defendant Sheahan argues the Sheriff's Office, represented in this suit by Sheriff Sheahan in his official capacity, cannot be sued until after liability has been established against its employee. The Seventh Circuit rejected this argument in *Wilson v. City of Chicago*, 120 F.3d 681, 684-86 (7th Cir.1997). While Defendant Sheahan does not yet have a judgment he could be ordered to pay, the Seventh Circuit has determined this does not prevent Plaintiffs from maintaining Section 9-102 claims. *See Id.* at 684-85. In *Wilson*, the Seventh Circuit explained that the City could "not be made to pay a judgment while the liability of its employee is still in question." *Id.* at 684. However, "(i)t does not follow that [a claimant] could not proceed under section 9-102 until the judgment against [an insuring entity] became final." *Id.* at 685. "In order to expedite the collection of the judgment, [a claimant] could ask the court to enter a judgment against [Sheahan] that would

6

take effect when and if a judgment against [the Deputies] was entered and no longer contestable." *Id.*

Further, Defendant Sheahan previously raised this identical argument, with equally outdated cases[3], in *Cortez* and was also denied his motion to dismiss. "The cases cited by Sheahan for the proposition that a claimant may not assert a § 9-102 claim until a judgment is rendered do not sway the court. .... And because the federal district court cases cited dealing with § 9-102 predate *Wilson*, their continued validity on this issue is called into serious question." *Cortez*, 1999 WL 569542 at *3. As in *Wilson* and *Cortez*, there is no benefit in requiring Plaintiffs to delay and initiate a new and separate action for payment should Defendants be found liable; such a requirement would simply generate more paperwork, unnecessarily consume judicial resources and further cog an already overburdened judicial system.

### Plaintiff's counts for indemnification would not violate Federal Rule of Evidence 411

Finally, Defendant Sheahan argues the indemnification counts violate Federal Rule of Evidence 411[4] and should be dismissed. Rule 411 is an evidentiary rule that applies to trial evidence to address the concern that knowledge of the presence or absence of liability insurance

---

[3] Defendant Sheahan cites *Spiegel v. City of Chicago*, 920 F.Supp. 891, 900-01 (N.D.Ill. 1996) and *Rosentreter v. Munding*, 736 F.Supp. 165, 171-72 (N.D.Ill. 1990) to challenge the Seventh Circuit's 1997 *Wilson*. The Seventh Circuit's decision in *Wilson* overrules these two cases; Defendant should know this.

[4] "Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness." Fed. R. Evid. 411.

7

would induce juries to decide cases on improper grounds. Possible indemnification of Defendants by Defendant Sheahan will not be an issue before the jury; rather, the jury will evaluate liability and the Court will apply Section 9-102 if a judgment is entered. Accordingly, such evidentiary concerns are misdirected in a motion to dismiss and premature at this stage of the litigation.

Therefore, this Court **DENIES** Defendant Sheahan's partial motion to dismiss.

## CONCLUSION

For the foregoing reasons, this Court **DENIES** the motion (doc. #10).

**IT IS SO ORDERED.**
DATED: January 31, 2001

WILLIAM J. HIBBLER, DISTRICT JUDGE